```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

CHERYL LANE, ET AL.,

    Plaintiffs,

v.                                Case No. 8:16-cv-962-T-33TBM

DAVID FLETCHER,

    Defendant.
_____/

**ORDER**

This cause comes before the Court *sua sponte*. For the reasons that follow, the Court remands this action to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida because this Court lacks subject matter jurisdiction.

**Discussion**

This is an action for damages sustained by Plaintiffs Malcolm Hepburn and Cheryl Lane in a motor-vehicle accident. (Doc. # 2). Defendant David Fletcher removed this case from the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on April 21, 2016, on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs." "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Further, if "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Plaintiffs do not make a specified claim for damages. (Doc. # 2 at 3, 4) (generally alleging damages exceeding $15,000). However, Defendant's Notice of Removal alleges the jurisdictional amount is met because Lane's pre-suit demand letter, (Doc. # 1-2), "expressly states that Plaintiff, Cheryl Lane, is seeking the policy limits, which are $100,000." (Doc. # 1 at ¶¶ 9-10). Defendant does not provide any argument as to Hepburn's damages.

A demand to tender policy limits does not automatically establish that the amount-in-controversy requirement has been satisfied. Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (stating, "[i]n determining the amount in controversy in the insurance

context, numerous courts have held that it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy") (internal quotation marks omitted) (citation omitted); see also Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (noting that plaintiff's pre-suit demand "reflects mere posturing rather than a reasonable assessment of the value of her claim").

Upon review of the pre-suit demand letter, the Court finds that Lane's pre-suit demand reflects mere posturing. Although the pre-suit demand letter seeks the policy limits, Lane had only incurred $13,443.92 in medical expenses at the time of the demand. (Doc. # 1-2 at 3). Lane did not require hospitalization after the accident, and instead treated herself with home remedies. (Id. at 2). Further, Fletcher fails to provide any accounting of the expenses Hepburn has incurred. Overall, the record is devoid of evidence to suggest that either Lane's or Hepburn's damages from this accident, which occurred when Defendant rear-ended their vehicle in a Wal-Mart parking lot, exceed the $75,000 amount in controversy threshold.

Consequently, the Court determines that it lacks subject matter jurisdiction, and this case must be remanded to the

3

Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines and hearings, and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of April, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE